UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELAYNE SEIDMAN, STEPHANIE SINCLAIR, and APRIL ROCHA<br><br>Plaintiffs,<br><br>- against -<br><br>PROMETHEUS GLOBAL MEDIA, LLC<br><br>Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Helayne Seidman ("Seidman"), Stephanie Sinclair ("Sinclair") and April Rocha ("Rocha") and together ("Plaintiffs") by and through their undersigned counsel, as and for their Complaint against Defendant Prometheus Global Media, LLC ("Prometheus" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1.  This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a three copyrighted photographs. Two photographs of Megyn Kelly owned by registered by Seidman and Sinclair and one photograph of Maggie Furlong owned and registered by April Rocha. Accordingly, Plaintiffs seek injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiffs are professional photojournalists in the business of licensing their photographs to online, print, and television stations for a fee.

6. Upon information and belief, Prometheus is a limited liability corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business at 340 Madison Avenue, 6th Floor, New York, NY 10173. Upon information and belief, Prometheus is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Prometheus has operated and continues to operate websites at the URL: www.Adweek.com and www.HollywoodReporter.com (the "Website").

## STATEMENT OF FACTS

A. **Background and Plaintiffs Ownership of the Photographs**

7. On or about April 14, 2008, Seidman photographed Megyn Kelly, on or about January 21, 2015, Sinclair photographed Megyn Kelly, on or about May 22, 2014, Rocha photographed Maggie Furlong (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

8.	Seidman then licensed her Photograph to The Washington Post. On April 14, 2008, The Washington Post ran an article that featured the Photograph on its web edition entitled, *Megyn Kelly Fox News Fast Rising Anchor*. Seidman's name was featured in a gutter credit identifying her as the photographer of the Photograph. Sinclair then licensed her Photograph to the New York Times. On January 21, 2015, The New York Times ran an article that featured the Photograph on its web edition entitled *The Megyn Kelly Moment*. See http://www.nytimes.com/2015/01/25/magazine/the-megyn-kelly-moment.html?_r=0 . Rocha photographed Maggie Furlong on or about May 22, 2014. A true and correct copy of the Photographs in the articles are attached hereto as Exhibit B.

9.	Plaintiffs are the authors of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10.	The Photographs were registered with Copyright Office and given registration number VA 1-996-790 and pending Copyright Registration Numbers 1-3713842881 and 1-3809787151 See Exhibit C.

**B.	Defendant's Infringing Activities**

11.	Upon information and belief, on or about April 14, 2008, Prometheus ran an article on the Website entitled *Megyn Kelly's "Sheer Speed" to FNC Stardom* See http://www.adweek.com/tvnewser/megyn-kellys-sheer-speed-to-fnc-stardom/19947. Upon information and belief on or about January 21, 2015, Prometheus ran an article on the Website entitled *Roger Ailes: Megan Kelly Could Soon Be 'Bigger Than Anybody'*. See http://www.adweek.com/tvnewser/roger-ailes-megyn-kelly-could-soon-be-bigger-than-anybody/253063. Upon information and belief, on or about November 6, 2014, Prometheus ran an article on the Website entitled *Fox Taps Veteran Journalist Maggie Furlong as Digital VP*

*(Exclusive)*. See http://www.hollywoodreporter.com/news/fox-taps-veteran-journalist-maggie-746883. The articles prominently featured the Photographs. A true and correct copy of the articles are attached hereto as Exhibit D.

12. Prometheus did not license the Photographs from Plaintiffs for its articles, nor did Prometheus have Plaintiff's permission or consent to publish the Photographs on its Website.

13. Upon information and belief, Prometheus removed Sinclair's gutter credit.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST PROMETHEUS)
### (17 U.S.C. §§ 106, 501)

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Prometheus infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Prometheus is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

16. The acts of Defendant complained of herein constitute infringement of Plaintiffs copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Prometheus have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiffs copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiffs irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction prohibiting further infringement of Plaintiffs copyrights and exclusive rights under copyright.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST**
**PROMETHEUS FOR SINCLAIR AND ROCHA**
**(17 U.S.C. § 1202)**

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. When the Photographs were published and taken, it contained copyright management information protected under 17 U.S.C. § 1202(b).

22. Upon information and belief, in its article in the Website, Prometheus intentionally and knowingly removed copyright management information identifying Sinclair and Rocha as the photographers of the Photographs.

23. The conduct of Prometheus violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Prometheus' falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Prometheus intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Sinclair and Rocha's copyrights in the Photographs. Prometheus also knew, or should have known, that such

falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Sinclair's and Rocha's copyrights in the Photographs.

26.     As a result of the wrongful conduct of Prometheus alleged herein, Sinclair and Rocha are entitled to recover from Prometheus the damages, that they sustained and will sustain, and any gains, profits and advantages obtained by Prometheus because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27.     Alternatively, Sinclair and Rocha may elect to recover from Prometheus statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.  That Defendant Prometheus be adjudged to have infringed upon Plaintiffs copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2.  The Defendant Prometheus be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.  That Defendant, and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees and all persons or entities acting in concert with any Defendant, be enjoined from copyright, reproducing, distributing, adapting, or publicly displaying Plaintiffs Photograph pursuant to 17 U.S.C. § 502.

4.  That, with regard to the First Claim of Relief, Plaintiffs be awarded Plaintiffs actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph.

5.  That, with regard to the Second Claim for Relief, Sinclair and Rocha be awarded either: a) Sinclair or Rocha's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

6.  That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

7.  That Sinclair and Rocha be awarded their costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203 (b);

8.  That Plaintiffs be awarded pre-judgment interest; and

9.  Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
July 14, 2016

LIEBOWITZ LAW FIRM, PLLC
By: /s/Richard Liebowitz

                          Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiffs*